```
                  UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Division

BOARD OF TRUSTEES, NATIONAL      )
STABILIZATION AGREEMENT OF       )
SHEET METAL INDUSTRY TRUST       )
FUND, et al.,                    )
     Plaintiffs,                 )
                                 )
          v.                     )  Civil Action No. 1:14cv281
                                 )
TNT SHEETMETAL, INC.,            )
     Defendant.                  )
                                 )
```

## REPORT AND RECOMMENDATION

This matter came before the Court on plaintiffs' Motion for Default Judgment. (Dkt. 9.) When no representative for defendant appeared at the hearing on June 20, 2014, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

### I.   INTRODUCTION

**A.   Background**

Plaintiffs are the Board of Trustees of the National Stabilization Agreement of the Sheet Metal Industry ("SASMI"), Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (f/k/a National Training Fund for the Sheet Metal and

1

Air Conditioning Industry), the Board of Trustees of the Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), the National Energy Management Institute Committee ("NEMIC"), and the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT") (collectively, "plaintiffs" or "Funds"). Plaintiffs are fiduciaries of employee benefit plans and trust funds established and maintained under 29 U.S.C. § 186(c) and 29 U.S.C. § 1002. (Complaint ("Compl.") ¶¶ 4-10.)

Defendant, TNT Sheetmetal, Inc., d/b/a TNT Sheet Metal Inc., d/b/a TNT Sheet Metal, is a corporation and employer in an industry affecting commerce that does business with the plaintiff Funds. (Id. ¶ 15.) At all times relevant to this action, defendant was a party to a collective bargaining agreement with Sheet Metal Workers' International Association, Local Union No. 17 ("the Union"). (Id. ¶¶ 15-17; Shaw Decl. ¶ 4 (Dkt. 10-1); Mem. Supp. Mot. Def. J. 2-3.) Defendant also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreements") establishing the Funds. (Compl. ¶¶ 18-19.)

Plaintiffs filed this action under §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor

2

Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. (Id.) They seek unpaid contributions, interest, liquidated damages, late fees, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the Union. (Id. 7-10; Mem. Supp. Mot. Def. J. 1-3.)

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 1132 and 1451. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in federal district court, regardless of the amount in controversy or citizenship of the parties. 29 U.S.C. §§ 185(a). The plaintiff Funds bringing this action are administered in this district. (Compl. ¶¶ 3, 14.)

This Court has personal jurisdiction over defendant pursuant to the decision in Bd. of Trs., Sheet Metal Workers

Nat'l Pens. Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant does business with plaintiffs that is sufficient to create personal jurisdiction over defendant in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### C. Service of Process

On April 14, 2014, plaintiffs' private process server served defendant by delivering a copy of the original Complaint and Summons to Marc Chapdelaine, defendant's registered agent, at 539 Lincoln Ave, 2nd Floor, Saugus, MA 01906. (Dkt. 4.) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h) and 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On May 27, 2014, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55. (Dkt. 7.) Plaintiffs filed their Motion for Default Judgment on June 13, 2014. (Dkt. 9.)

4

## II. FINDINGS

Based on the Complaint, plaintiffs' Motion for Default Judgment and the supporting Memorandum, the Declaration of Walter Shaw, the Declaration of Judith Sznyter, and the documents submitted in proof of damages, the undersigned makes the following findings of fact.

Plaintiffs bring this action under §§ 502 and 515 of ERISA and under § 301 of the LMRA. (Compl. ¶ 1.) Defendant owes plaintiffs certain obligations pursuant to the terms of the collective bargaining agreement and the Trust Agreements for the Funds (collectively, "the Agreements"). (Id. ¶¶ 18-22.) The Sheet Metal Workers' International Association Local Union No. 17 approved the labor contract on plaintiffs' behalf. (Shaw Decl. ¶¶ 3-4.)

The Agreements require defendant to submit monthly contributions to plaintiffs on behalf of all covered employees. (Compl. ¶ 18.) In addition to monthly contributions, the Agreements require defendant to submit monthly remittance reports on which the defendant is to list the amount of contributions due to the Funds on the basis of all hours worked by its covered employees. (Id. ¶¶ 19-20.) The completed remittance reports and accompanying contributions are due to the

5

Funds by the twentieth day after the end of each month for hours worked in that month.  (Id. ¶ 21.)

Defendant has failed to make the required monthly contributions for the months of April 2013 and August 2013 through December 2013 for NEMIC, SMOHIT, ITI, NPF, and SMWIASF, and for April 2013 through November 2013 for SASMI.  (Shaw Decl. ¶ 7.)  For this period, defendant is liable to the Funds for these delinquent contributions in the total amount of $10,434.92, which accounts for $41.25 to NEMIC, $27.50 to SMOHIT, $165.05 to ITI, $8,678.48 to NPF, $13.75 to SMWIASF, and $1,508.89 to SASMI.  (Mem. Supp. Mot. Def. J. 6; Exs. 4A, 4B (Dkts. 10-4, 10-5).)  Pursuant to the Agreements and under § 502(g)(2) of ERISA, plaintiffs are entitled to recover any unpaid contributions as well as, interest, liquidated damages, and attorneys' fees for unpaid contributions.

### A.   Contributions and Fees

Under ERISA, the LMRA, and the Agreements, the Funds may recover the following: (1) the full amount of unpaid contributions; (2) interest on unpaid contributions to be calculated at a rate of eight and one-half percent per annum until the date paid; (3) liquidated damages in an amount equal to the greater of (i) the interest on delinquent contributions,

6

or (ii) 20 percent of the delinquent payments; and (4) reasonable attorneys' fees. (Compl. 5-8; Mem. Supp. Mot. Default J. 5-6.) The amounts now due are summarized as follows:

| Fund | Contribs. | Interest | Liq. Dam. | Late Fees | Total |
|---|---|---|---|---|---|
| **NEMIC** | $41.25 | $1.55 | $8.24 | $34.88 | $85.92 |
| **SMOHIT** | $27.50 | $0.00 | $0.00 | $0.00 | $27.50 |
| **ITI** | $165.50 | $6.24 | $33.00 | $139.53 | $343.82 |
| **TOTAL** | $233.80 | $7.79 | $41.24 | $174.41 | $457.24 |

| Fund | Contribs. | Interest | Liq. Dam. | Total |
|---|---|---|---|---|
| **NPF** | $8,678.48 | $436.95 | $1,735.69 | $10,851.12 |
| **SMWIASF** | $13.75 | $0.52 | $2.74 | $17.01 |
| **SASMI** | $1,508.89 | $79.35 | $301.74 | $1,889.98 |
| **TOTAL** | $10,201.12 | $516.82 | $2,040.17 | $12,758.11 |

(Shaw Decl. ¶¶ 4-9, Ex. 3 (Dkt. 9-3).)

### B. Attorneys' Fees and Costs

Plaintiffs also request attorneys' fees and costs in the amount of $4,098.63, which comprises $3,401.86 in attorneys' fees and an award of costs in the amount of $696.77. (Snznyter Decl. ¶¶ 2-3.) In support of this request, plaintiffs submitted the Declaration of Judith Sznyter and a time and expense report

7

from Jennings Sigmond, P.C.  (Exs. 11, 12 (Dkts. 10-10, 10-11).)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.  If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## III. RECOMMENDATION

The undersigned recommends that plaintiffs should recover from defendant $10,434.92, the sum of unpaid contributions. Plaintiffs should also recover $524.61 in interest calculated at 8.5% per annually through June 6, 2014, $2,081.41 in liquidated damages, and $174.41 in late fees.

Finally, the undersigned recommends that plaintiffs should recover from defendant $4,098.63 in attorneys' fees and costs.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any

8

judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at:

    TNT Sheetmetal, Inc.
    d/b/a TNT Sheet Metal Inc.
    d/b/a TNT Sheet Metal
    383 Lowell Street
    Wakefield, MA 01880

    TNT Sheetmetal, Inc.
    d/b/a TNT Sheet Metal Inc.
    d/b/a TNT Sheet Metal
    539 Lincoln Avenue, 2nd Floor
    Saugus, MA 01906

                                                    /s/
                                    THERESA CARROLL BUCHANAN
                                    UNITED STATES MAGISTRATE JUDGE

July 1, 2014
Alexandria, Virginia